## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JEFFREY BRENT REESE,                )
                           Petitioner,   )
v.                                  )          Case No. CIV-07-1024-D
                                    )
GREG PROVENCE, WARDEN,              )
                                    )
                           Respondent.  )

## <u>REPORT AND RECOMMENDATION</u>

Petitioner Jeffrey Brent Reese, a state prisoner appearing through his attorney, has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging his state court conviction on various federal constitutional grounds.  It is recommended that his petition be denied.

### I.  <u>Background and Case History</u>

Petitioner was convicted in the District Court of Kay County, Oklahoma, Case No. CF-2004-84, on February 7, 2005, on two drug-related counts: Possession of Precursors with Intent to Manufacture CDS (Count One) and Unlawful Possession of a Controlled Dangerous Substance (Count Three).  Petitioner was sentenced to twenty years of imprisonment on Count One and ten years of imprisonment on Count Three, to be served concurrently.  The Oklahoma Court of Criminal Appeals (OCCA) affirmed the convictions on June 19, 2006. Petitioner did not apply for state post-conviction relief.  Petitioner filed the instant Petition for Writ of Habeas Corpus on September 17, 2007.

According to the preliminary hearing testimony of James Leone, a member of the District Eight Drug Task Force, Petitioner first came to the attention of three members of the task force when the dispatcher for the Ponca City Police Department sent out a radio call that two individuals had attempted to purchase large quantities of pseudoephedrine from the Dollar General Store in Ponca City, Oklahoma. Preliminary Hearing Transcript (PH Tr.) at 11-12. Officers Leone, Greg Wright and Mark Combes arrived at the parking lot of the Dollar General Store, located the tan pickup truck described by Dollar General employees to the dispatcher, and watched as the driver and one passenger, both men, left the parking lot. PH Tr. 12-14. The task force learned that the men had attempted to purchase eight or nine boxes of pseudoephedrine each and that each man had, in fact, purchased three boxes of pseudoephedrine, the limit that the store would sell. PH Tr. 11-12, 14-15. Officer Leone testified that large quantities of pseudoephedrine pills are commonly used to manufacture methamphetamine. PH Tr. 16.

The task force officers followed the pickup to a Wal-Mart gas station where the two men left the vehicle. Petitioner was observed with his hands in the tool chest in the bed of the pickup truck, and the passenger was observed standing on the passenger's side of the truck by a trash can. PH Tr. 15, 25. The task force officers then followed the pickup truck several miles and sought the assistance of a sheriff or highway patrol trooper to stop the pickup. PH Tr. 18.

Trooper Clayton Thomas Fredrickson was in the area and stopped the pickup truck. PH Tr. 5-7, 20. Officer Leone testified that he questioned the passenger, Robert Capps,

2

while Officer Wright and Officer Combes questioned Petitioner. PH Tr. 20. Officer Leone asked Mr. Capps if he had any illegal drugs, and Mr. Capps responded, "No; you can search me." PH Tr. 21. Officer Leone searched Mr. Capps and found a small bag of what looked like methamphetamine in Mr. Capps' sock. PH Tr. 22. Officer Leone arrested Mr. Capps, and the other two officers searched the vehicle incident to the arrest. PH Tr. 23, 42. Officer Wright testified that he found a small baggie containing white powder, which he believed was methamphetamine, inside a day planner he had found on the driver's side of the vehicle. The substance field-tested positive for methamphetamine. He also found a marijuana cigarette, some aluminum foil with burned residue of methamphetamine, and some pills including Oxycontin. PH Tr. 43-46. Officer Combes testified that he found a briefcase containing items addressed to Petitioner and a notebook with articles containing directions for the manufacture of methcathanone, an illegal drug similar to methamphetamine. PH Tr. 58. Officer Combes also found additional foil with a substance that tested positive for methamphetamine and a package of pseudoephedrine pills from another pharmacy and two packages of lithium batteries with receipts showing they had been purchased earlier that day. PH Tr. 58-60.

After both men were arrested, a deputy sheriff took both Petitioner and Mr. Capps to the Dollar General Store where employees identified them as the two men who had purchased the pseudoephedrine. PH Tr. 24. Thereafter, Officer Leone returned to the Wal-Mart gas station where he retrieved from the trash can six unopened boxes of Dollar General brand pseudoephedrine pills and a Dollar General plastic sack. PH Tr. 25. Based on an

interview with Mr. Capps, the officers conducted an additional search of the truck and found another quantity of methamphetamine and marijuana in the toolbox.  PH Tr. 47.

## II.    Claims for Habeas Corpus Relief

Petitioner raises four grounds for relief in the instant Petition.  First, Petitioner contends, based on the testimony presented at the Preliminary Hearing, that the initial stop and the search of his vehicle that followed violated the Fourth Amendment of the Constitution of the United States and Article II Section 30 of the Oklahoma Constitution and that the trial court erred in failing to suppress the evidence obtained in the search.  Second, Petitioner contends that the trial court abused its discretion in sentencing him to twenty years imprisonment on Count One because the trial court was mistaken as to the proper sentencing range.  Third, Petitioner contends that his trial counsel was ineffective in failing to be aware of the statutory punishment range for Count One.  Finally, Petitioner contends that his trial counsel was ineffective in failing to completely and adequately develop the facts of the case for the record.

## III.    Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) standards of review apply to those grounds for relief raised by Petitioner that were adjudicated on the merits by the state courts. *See Turrentine v. Mullin*, 390 F.3d 1181, 1188 (10th Cir. 2004); *Smallwood v. Gibson*, 191 F.3d 1257, 1264 (10th Cir.1999).  Under AEDPA, this Court may grant Petitioner habeas relief only if the state court adjudication "resulted in a decision that

4

was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

In applying the deferential AEDPA standard, the court first determines whether the principle of federal law on which the petitioner's claim is based was clearly established by the Supreme Court at the time of the state court judgment.  *Turrentine*, 390 F.3d at 1189. If so, the court considers whether the state court decision was contrary to or an unreasonable application of  that clearly established federal law.  *Id*.  A decision is "contrary to" clearly established federal law for purposes of § 2254 if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from" the result reached by the Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  It is not enough that the state court decided an issue contrary to a lower federal court's conception of how the rule should be applied; the state court decision must be "diametrically different" and "mutually opposed" to the Supreme Court decision itself.  *Id*. at 406.  A state court decision involves an "unreasonable application" of federal law if "the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

In conducting this inquiry, the factual findings of the state trial and appellate courts are presumed to be correct, and the petitioner bears the burden of rebutting this presumption

by clear and convincing evidence.  *Short v. Sirmons*, 472 F.3d 1177, 1184 (10th Cir. 2006)

(*citing* 28 U.S.C. § 2254(e)(1)).

## IV.    Analysis

### A.    Ground One – Fourth Amendment Search

On November 3, 2004, the trial court held a preliminary hearing of the charges against

Petitioner in this case.  At that time, Petitioner's Motion to Suppress had been filed and was

pending.  By agreement of counsel, the trial court took the motion to suppress under

advisement pending hearing of the evidence.  PH Tr. 2-3.  Petitioner's counsel cross-

examined the witnesses on facts pertinent to the motion to suppress.

On February 3, 2005, the trial court held a hearing on Petitioner's Motion to Suppress

the evidence found during the search of Petitioner's vehicle.  The prosecutor submitted the

transcript of the Preliminary Hearing as evidence that Petitioner's constitutional rights had

not been violated.  Petitioner's attorney argued, based on that same evidence, that the officers

lacked reasonable suspicion to conduct an investigatory stop of Petitioner's vehicle, that the

ensuing search of the vehicle therefore violated Petitioner's Fourth Amendment right to be

free from unreasonable searches and seizures, and that the evidence of drug-related crimes

found during the search should be suppressed.  The trial court denied Petitioner's motion to

suppress the evidence.  *See* Transcript, Motion to Suppress 36-38.[1]

---

[1]Petitioner thereafter waived his right to a jury and the case proceeded to trial by the Court.
The state submitted the testimony and exhibits in the Preliminary Hearing transcript and rested.  The
defense called no witnesses.  *See* Nonjury Trial Transcript at 2-6.  As noted, Petitioner was
convicted of two counts of criminal conduct.

On appeal, Petitioner challenged the trial court's disposition of the Motion to Suppress. *See* Response Exhibit 1, Brief of Appellant, Case No. F-2005-109 (OCCA). As he did before the trial court, Petitioner argued before the OCCA that the initial stop was based on nothing more than a hunch and that short, investigatory stops authorized by *Terry v. Ohio*, 392 U.S. 1 (1968) must be based on a reasonable, articulable suspicion that criminal activity is afoot. *See* Brief of Appellant at 8. The OCCA affirmed the state district court's decision regarding the admissibility of the evidence, finding that the initial stop and the search were valid because the officers acted with a reasonable and articulable suspicion of criminal activity. Response Exhibit 3, Summary Opinion at 2.

Habeas jurisdiction generally allows federal courts to address alleged violations of the United States Constitution. This Court may not, however, grant habeas relief to a state prisoner based on a violation of the Fourth Amendment if the prisoner had a full and fair opportunity to litigate the Fourth Amendment claim in the course of the state criminal proceedings. *See Brown v. Sirmons*, ___ F.3d ___, 2008 WL 307452 at *8 (10th Cir. Feb. 5, 2008) (to be published) (citing *Stone v. Powell*, 428 U.S. 465, 496 (1976) ("[W]e conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment Claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.")).

As he did in his Motion to Suppress, Petitioner challenges the initial stop as unconstitutional based on his contention that the officers lacked a reasonable and articulable

suspicion of criminal activity.  Petitioner's Brief at 13-23.  In his Reply, Petitioner contends that *Stone* does not control here because he "was not given an adequate hearing in state court on his Fourth Amendment claim."  Reply [Doc. #15] at 2.  Petitioner contends that his counsel failed to develop the record adequately with respect to the Fourth Amendment claim and that "'[t]he restrictions on federal habeas review of Fourth Amendment claims announced in *Stone v. Powell* . . . , do not extend to Sixth Amendment claims of ineffective assistance of counsel where the principal error of counsel was incompetent representation with respect to a Fourth Amendment issue.'"  Reply at 2 n. 2 (*citing United States v. Owens*, 882 F.2d 1493, 1498 (10th Cir. 1989) (and *Kimmelman v. Morrison*, 477 U.S. 365, 379 (1986)) .  Petitioner also contends that the OCCA "conducted no application of the facts of the case."  Reply at 5.  And Petitioner further suggests that the state courts failed to apply the appropriate constitutional standard.  *See* Reply at 6 (*citing Gamble v. State*, 583 F.2d 1161, 1165 (10th Cir. 1978) ("Deference to state court consideration of Fourth Amendment claims does not require federal blindness to a state court's wilful refusal to apply the appropriate constitutional standard.")).

Petitioner's arguments are unpersuasive.  To the extent that he now wishes to allege that trial counsel was ineffective in presenting the motion to suppress, Petitioner's claim is unexhausted and subject to an anticipatory procedurally barred.  *See* discussion *infra* at 12-15.  Moreover, there is no merit to Petitioner's contention that the OCCA wilfully refused to apply appropriate constitutional standards.  The OCCA stated its decision was based on a "thorough consideration of . . . the entire record before [the court] including the original

record, transcripts, and briefs of the parties" and cited *Terry v. Ohio*, 392 U.S. 1, 30 (1968) as well as two state cases. *See* Response Exhibit 3 Summary Opinion at 2. *Terry* is the seminal Supreme Court case governing investigatory stops of vehicles.

The record of the state court proceedings amply demonstrates that Petitioner received a full and fair opportunity to litigate his Fourth Amendment claim. His Fourth Amendment challenge to the search of his vehicle was presented to the trial court in a motion to suppress. By agreement of counsel, an evidentiary record regarding the motion to suppress was made at the Preliminary Hearing. And the motion to suppress was resolved, after hearing extensive argument of counsel, by reference to the evidentiary record and the governing principles of federal law. Further, as noted, the claim was presented on direct appeal to the OCCA and considered under the appropriate constitutional standards. Accordingly, Petitioner's Fourth Amendment claim is barred from federal habeas review by the dictates of *Stone v. Powell*.

### B.     Ground Two – Sentencing

Petitioner contends that the trial court abused its discretion and violated his due process rights by sentencing him to twenty years imprisonment on Count One. Petitioner states, "It appears the trial court concluded the range of punishment was not less than twenty (20) years." Petitioner's Brief at 24. Petitioner attempts to support this assertion by pointing out that the trial judge stated on the record that "the range of punishment for Count 1 is not less than 20 years." *See* Transcript of Nonjury Trial at 7. In fact, however, Petitioner states that the range of punishment for violation of Okla. Stat. tit. 63, §2-401(G)(2)(2003) is not less than seven years nor more than life. Petitioner's Brief at 24. The transcript reveals that

the State recommended a twenty-year sentence on Count One to be served concurrently with a recommended ten-year sentence on Count Three.  Nonjury Trial Transcript at 6.  The following exchange took place after the State made its recommendation:

> THE COURT:          The Court notes that the range of punishment for Count 1 is not less than 20 years.
>
> MR. CHAMBERS:   Judge, actually, that might – Is it 20 or seven?  I will be quite frank; I meant to check that and I forgot.
>
> THE COURT:          Let's take – I just – well, I am not sure that it's determinative of our issue before us today.  Let's take a recess for just a moment.
>
> (An off-the-record discussion was had, after which the following proceedings were had:)
>
> THE COURT:          Back on the record.  Jeffrey Brent Reese, the Court, having found you guilty of Counts 1 and 3 of the Information, and *having considered the range of punishment available by statute*, I am going to accept the recommendation of the District Attorney.

Nonjury Trial Transcript at 7 (emphasis added).

Petitioner's claim for relief was raised on direct appeal.  In determining the merit of this claim, the OCCA stated:

> With respect to proposition two, we presume the trial judge knew the law and followed it.  *See Garrison v. State*, 2004 OK CR 35, ¶132, 103 P.3d 590, 613 (noting our strong presumption of regularity of trial proceedings.)  Here, a trial judge, assistant district attorney, and defense attorney took a recess to research the statutes in question.  We presume these three attorneys were able to figure out what the proper range of punishment was.  Moreover, the sentence imposed is reasonable and just.

Response Exhibit 3, Summary Opinion at 2.

Issues regarding sentencing are among those state law issues that are generally not subject to habeas corpus review. *See Hutto v. Davis*, 454 U.S. 370, 374 (1982) (length of sentence for felonies is properly determined by legislatures and should rarely be reviewed by federal courts); *Walker v. Champion*, No. 97-6402, 1998 WL 712588 at *1 ( 10th Cir. Oct. 13, 1998) (on habeas review, court "affords wide discretion to state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law") (unpublished op.).

In his Reply, Petitioner contends that he is entitled to habeas relief because the transcript of the nonjury trial "does not reflect that the trial court and attorneys took a recess to research the statutes in question." Reply at 8. The OCCA found otherwise, and its finding is a reasonable interpretation of the events described in the Nonjury Trial Transcript. This factual finding is presumed to be correct, and Petitioner has not rebutted the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Moreover, the twenty-year sentence was well within the statutory range of seven years to life imprisonment. The OCCA's rejection of Petitioner's claim regarding his sentence was not contrary to, nor an unreasonable application of, clearly established Supreme Court jurisprudence. Petitioner is therefore not entitled to habeas relief concerning this claim.

### C.    Grounds Three and Four –  Ineffective Assistance of Trial Counsel

Petitioner next brings claims of ineffective assistance of trial counsel. He alleges trial counsel rendered constitutionally deficient performance by (1) failing to know the statutory

punishment range for Count One, and  (2) failing to adequately develop the facts of the case for the record.

Petitioner recognizes that he has raised these claims for the first time in this action. He also recognizes that he has waived these claims for purposes of filing an application for post-conviction relief in the state district court by failing to raise them on direct appeal.   He claims, however, that his waiver of these claims in state court actually renders the claims "exhausted" and that, therefore, the claims are "properly before this Court."   *See* Petition Attachment C at 1-2; Attachment D at 2-3.

Respondent contends that Petitioner's ineffective assistance of counsel claims are unexhausted, but that this Court should apply an anticipatory procedural bar and decline to review the merits of the claims on that basis.   This point is well-taken.

The doctrine of procedural bar applied to habeas claims rests on principles of comity and provides that on habeas review, a federal court does not address issues that have been defaulted in state court on an independent and adequate state procedural ground unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). "Anticipatory procedural bar occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n. 7 (10th Cir.  2007) (internal quotation marks omitted).

The Tenth Circuit has expressed concern about the application of Oklahoma's procedural bar to ineffective assistance of counsel claims and questioned whether the procedural bar rule is adequate and independent to bar habeas review of ineffective assistance of trial counsel claims not raised on direct appeal. *See Snow v. Sirmons*, 474 F.3d 693, 727 n. 35 (10th Cir. 2007). In his Reply, Petitioner relies on *Brecheen v. Reynolds*, 41 F.3d 1343 (10th Cir. 1994) for the proposition that ineffective assistance of counsel claims may be brought for the first time in a collateral proceeding because of the "'need to give a meaningful opportunity to assess and develop a claim of ineffective assistance of counsel, coupled with the fact that such claims may require an opportunity to develop additional facts [.]'" Reply at 10 (*citing Brecheen* at 1364). In *English v. Cody*, 146 F.3d 1257, 1264 (10th Cir. 1998), however, the Tenth Circuit held that Oklahoma's procedural bar rule is applicable to ineffective assistance of trial counsel claims brought for the first time on collateral review only if two conditions are met: "trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone." *Id.* at 1264.

In this case, the record clearly reflects that Petitioner was represented by Mr. E. Evans Chambers III before the state district court, *see* Nonjury Trial Transcript, and by Mr. Jeffrey H. Contreras on direct appeal. *See* Response Exhibit 1. Further, Petitioner acknowledges that his ineffective assistance of counsel claims "do not depend on facts unavailable at the time of his direct appeal." Petition Attachment C at 2 (internal quotation and citation omitted); Petition Attachment D at 2 (same). Because Petitioner was represented by different attorneys at trial and on direct appeal, and because Petitioner's ineffective assistance of trial

counsel claims can be resolved upon the trial record alone, Petitioner's third and fourth claims are barred from review by this Court unless Petitioner can show either cause and prejudice or a fundamental miscarriage of justice. *See Coleman*, *supra* at 12.

In his Reply, Petitioner does not address the Tenth Circuit authority in *English v. Cody* and relies solely on *Brecheen v. Reynolds* and other cases decided before *English v. Cody* for the proposition that ineffective assistance of counsel claims may be raised for the first time in a federal habeas action and considered on the merits without a showing of either cause and prejudice or a fundamental miscarriage of justice. Reply at 10-11. Nevertheless, Petitioner argues that "there has been a fundamental miscarriage of justice in this case . . . . Mr Reese's Fourth Amendment rights were clearly violated." *Id.* But "fundamental miscarriage of justice" has a narrow, specific definition in the context of habeas corpus. A "fundamental miscarriage of justice" will excuse a procedural default only "where a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Murray v. Carrier*, 477 U.S. 478, 496, (1986). The Supreme Court has recognized this narrow exception to procedural bar only in cases "where a constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense" and in death penalty cases where "the applicant could show by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state law." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (citations and quotations omitted). Neither situation exists here. As actual innocence of the substantive offence is not implicated by Petitioner's Fourth Amendment claim that the

14

evidence against him should have been suppressed, this Court cannot reach the merits of Petitioner's defaulted ineffective assistance of counsel claims.

## RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus [Doc. #1] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objections must be filed with the Clerk of the District Court by March __17th__, 2008.  *See* Local Civil Rule 72.1.   Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

DATED this __26th__ day of February, 2008.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE